IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL BENJAMIN                                                    PLAINTIFF

        V.                          No.  5:09-CV-05019-JLH

LARRY NORRIS, Director,
Arkansas Department of Correction                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence

Pursuant to 28 U.S.C. Section 2254 (Doc. 1) filed January 23, 2009.  The Defendant  filed a

Response (Doc. 7) on March 17, 2009.  The Petitioner has not filed a Reply and the matter is

ready for Report and Recommendation.

### I.  Background

Petitioner, Michael Benjamin, was convicted in the Circuit Court of Washington County

of two counts of delivery of a controlled substance and sentenced to two consecutive twenty-five

year prison terms on August 29, 2007. (Doc. 1)  Petitioner appealed the judgment of the

Washington County Circuit Court and raised three issued on appeal. (1)  Petitioner contended

that there was insufficient evidence to support the conviction, (2) that the trial court abused its

discretion by refusing to give a jury instruction on probation and (3) that his sentence violated the

Eighth Amendment of the United States Constitution as well as Article two, section nine of the

Arkansas Constitution.  The judgment was affirmed by the Arkansas Court of Appeals on May

28, 2008.  (See *Benjamin v. State of Arkansas*, 102 Ark. App. 309, 2008) Review was denied by

the Arkansas Supreme Court on October 23, 2008. (Doc. 7-4)  Petitioner filed a timely Rule 37

-1-

Petition in the Washington County Circuit court on November 25, 2008. (Doc. 1, page 3) In the State's Reply to the Rule 37 motion filed by the Petitioner the State asserts that the Petitioner alleged four grounds for relief; (1) lack of jurisdiction, (2) denial of due process because of inconsistencies in the police report, (3) evidentiary foundations, and (4) failure of counsel to address unconstitutional sentencing evidence. (Doc. 1, page 18) The Petitioner's Rule 37 Motion was denied by the Washington County Circuit Court without a hearing on January 16, 2009. (Doc. 7-5)  The Petitioner did not appeal the decision of the Washington County Circuit Court denying the Rule 37 petition.

The Petitioner now brings this petition under 28 U.S.C., section 2254 alleging that (1) the court lacked jurisdiction, (2) that he was denied due process of law because of inconsistencies in the police report, (3) certain evidentiary objections, and (4) ineffective assistance of counsel in that he failed to "address unconstitutional sentence evidence."

## II.  Discussion

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is an absence of available State corrective process; or

   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. section 2254(b)

Generally, a defendant must exhaust all available state court remedies before seeking habeas relief. *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir.2007). "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." Id.

(quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir.1999)). The default of the federal

claim applies even if the defendant's failure to exhaust results from the application of state law.

See *Lee v. Kemna*, 534 U.S. 362, 376, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002). (Federal courts

will not entertain the habeas claim "if the decision of [the state] court rests on a state law ground

that is independent of the federal question and adequate to support the judgment.") (quoting

*Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).) "The rule

applies with equal force whether the state-law ground is substantive or procedural." Id. However,

even if a state procedural rule is generally sound, it will not be adequate to bar federal review,

unless the rule is "strictly or regularly followed." *Barr v. City of Columbia*, 378 U.S. 146, 149,

84 S.Ct. 1734, 12 L.Ed.2d 766 (1964). Further, a state procedural bar is adequate only if state

courts have applied the rule evenhandedly to all similar claims. See *Hathorn v. Lovorn*, 457 U.S.

255, 263, 102 S.Ct. 2421, 72 L.Ed.2d 824 (1982).

    The Petitioner filed his state Motion for Post Conviction Relief on November 25, 2008.

The Washington County Circuit Court denied the Petition's Rule 37 motion on January 16, 2009.

(Doc. 7-5, page 3) The Petitioner had thirty days from the entry of the circuit court's order to

appeal. (A. R. App. P.-Cr., Rule 2(a)). The Petitioner filed the current habeas action on January

23, 2009 and obviously made a deliberate choice not to appeal the circuit court's ruling on the

Rule 37 motion and take his claims directly to federal court.  The claims raised in the current

habeas action are the identical claims that were put forth by the Petitioner in his Rule 37 motion.

Some of the Petitioner's claims are procedurally defaulted.

    "In all cases in which a state prisoner has defaulted his federal claims in state court

pursuant to an independent and adequate state procedural rule, federal habeas review of the

claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). *Abdullah v. Groose* 75 F.3d 408, *411 (C.A.8 (Mo.),1996)

**A.  Lack of Jurisdiction**

Petitioner first asserts that he was brought to trial without having been arrested on the methamphetamine charges.  The Petitioner did not raise this issue in his appeal and raised it for the first time in the Rule 37 petition. Even if this claim was procedurally defaulted it is without merit. The clerks docket sheet shows the warrant was issued on May 23, 2006 and the Petitioner appeared at arraignment on the charge on May 27, 2006 and entered a plea of not guilty.  The Petitioner never challenged the arrest at any time during the trial. The Washington County Circuit Court specifically found that  "[O]n May 24, 2006, the defendant was arrested in Fayetteville, Arkansas on the charges of illegal delivery of methamphetamine and simultaneous possession of drugs and firearm."  (Doc. 7-5, page 1) There is no fact to support the petitioner's claim that he was illegally arrested on the charge that he was brought to trial on but even if that were so case law is clear that a defendant is not entitled to a dismissal due to an illegal arrest. ( See *State v. Lee*, 373 Ark. 12, (2008); *Biggers v. State*, 317 Ark. 414 (1994)) Petitioner's claim that the Washington County Circuit Court lacked jurisdiction is without merit.

**B.  Due Process**

Petitioner asserts that he was denied due process of law because police reports identified the subject who sold methamphetamine to an undercover informant as a "WM" and Petitioner is

a black male.  This issue was not raised by the Petitioner in his appeal to the Arkansas Court of Appeals as a due process issue but was raised as a sufficiency of the evidence claim.  The Court of Appeals, in addressing the petitioner's argument stated that  "Mr. Benjamin also argues that there was insufficient evidence of his identity as the person who sold the methamphetamine, and this challenge to the sufficiency of the evidence is preserved for review because it was raised below. In support of his argument, Mr. Benjamin notes that the police did not arrest him immediately after the alleged incidents, and that the State waited more than two months to file its criminal information. Mr. Benjamin further relies on Officer McConnell's admission that he identified the suspect a total of twelve times as a white male in two different reports. Mr. Benjamin asserts that the government evidently conducted two separate controlled buys with a white man, and nonetheless chose to pursue its case against him. Accordingly, he contends that his convictions were based on insubstantial evidence.

The Arkansas Court of Appeals stated that "[C]ontrary to appellant's argument, there was substantial evidence to support the jury's finding that he twice delivered methamphetamine to the confidential informant. The informant identified Mr. Benjamin as the person who sold him methamphetamine, and three police officers identified Mr. Benjamin as the person involved in the controlled drug deals. While Officer McConnell did refer to appellant as a "WM" in his reports, he explained that this was simply a mistake. Viewing the evidence in the light most favorable to the State, considering only that evidence that supports the verdict, we hold that substantial evidence supports the convictions. " *Benjamin v. State***,** 2008 WL 2191157, 3 (Ark.App.) (Ark.App.,2008)

The question under AEDPA is whether the decision by the state court was based upon an

"unreasonable application of clearly established Federal law." 28 U.S.C. section 2254 (d)(1)

Because Congress specifically used the word "unreasonable," and not a term like "erroneous" or

"incorrect," a federal habeas court may not grant relief simply because it concludes in its

independent judgment that the relevant state-court decision applied clearly established federal

law erroneously or incorrectly. Rather, that application must also be unreasonable See *Williams*

*v. Taylor*, 529 U.S. 362 (2000).

The Petitioner was confronted by the Confidential Informant and three additional police

officers who identified the Petitioner at trial as the person with whom the confidential informant

negotiated the drug transactions and Officer McConnel testified at the trial that the notation of

"WM" in his report was not correct. There was no erroneous or unreasonable application of

clearly established Federal law and the Petitioner's due process argument is without merit.

## C.  Evidentiary Objection

The Petitioner has raised four claims under evidentiary objection: (1)  Evidence was

obtained by false arrest;(2) Insufficient evidence to support conviction; (3) Ineffective assistance

of counsel in mitigation; and (4) Sentence violated Eighth Amendment.  Claims one is defaulted.

The Petitioner did not raise an issue of illegal arrest in his appeal to the Arkansas Appellate

Court.  Issue number three is a claim of ineffective assistance of counsel in mitigation and will be

addressed subsequently.  Issue number two ( insufficient evidence) has been dealt with

previously.

Issue number four (excessive punishment) was addressed on appeal and the Arkansas

Court of Appeals stated that "We cannot say that Mr. Benjamin's sentence was grossly

disproportionate to his crimes or that any of the narrow exceptions are applicable. The testimony

during the guilt and sentencing phases of the trial showed that Mr. Benjamin had made multiple
methamphetamine deliveries in public places and was later arrested possessing
methamphetamine and a handgun. He was convicted for two separate offenses within a one-week
period, for which he received mid-range sentences of twenty-five years each. We are not
prepared to say that this is the "rare case in which a threshold comparison of the crime committed
and the sentence imposed leads to an inference of gross disproportionality." See *Harmelin v.*
*Michigan*, 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)." *Benjamin v. State*
2008 WL 2191157, 5 (Ark.App.) (Ark.App.,2008)

     The Eighth Amendment, which forbids cruel and unusual punishments, contains a
"narrow proportionality principle" that "applies to noncapital sentences" but it's "precise
contours are unclear."   *Harmelin v. Michigan*, *Id*.  The fixing of prison terms for specific crimes
involves a substantive penological judgment that, as a general matter, is "properly within the
province of legislatures, not courts."  *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63
L.Ed.2d 382 (1980)

     The Eighth Amendment does not mandate adoption of any one penological theory. "The
principles which have guided criminal sentencing ... have varied with the times." *Payne v.*
*Tennessee*, 501 U.S. 808, 819, 111 S.Ct. 2597, 2605, 115 L.Ed.2d 720.  The Eighth Amendment
does not require strict proportionality between crime and sentence. Rather, it forbids only
extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California, 538 U.S.*
*11, (2003),* See also *Weems*, 217 U.S., at 371, 30 S.Ct., at 550 (Eighth Amendment prohibits
"greatly disproportioned" sentences); *Coker*, supra, 433 U.S., at 592, 97 S.Ct., at 2866 (Eighth
Amendment prohibits "grossly disproportionate" sentences); Rummel, supra, 445 U.S., at 271,

100 S.Ct., at 1138 (same). *Harmelin v. Michigan, Id.*, 1001(1991).

Criteria that have been recognized in the Supreme Court's prior cases include (I) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction, that is, whether more serious crimes are subject to the same penalty or to less serious penalties; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm,* 463 U.S. 277, 278, 103 S.Ct. 3001, 3003 (U.S.,1983)

In Harmelin Justice Kennedy described the first of these factors as "a threshold comparison of the crime committed and the sentence imposed," Harmelin, 501 U.S. at 1005 (Kennedy, J., concurring in part), a threshold crossed only if the comparison yields, "an inference of gross disproportionality." Id. If no such inference arises it is not necessary to make the comparative analysis called for in the second and third Solem factors. Id.

The Petitioner in the present case was charge with two counts of delivery of methamphetamine which occurred within one week of each other.  Delivery of methamphetamine is a Class Y felony (See Ark. Code. Ann., section 5-64-401) and the legislative penalty is from 10 years to 40 years or life on each count (See Ark. Code Ann., section 5-4-401).  As the Arkansas Court of Appeals pointed out, the Petitioner was sentenced to the mid range on his two conviction.  The real complaint by the petitioner is that his sentences were run consecutively instead of concurrently.  The Petitioner's conviction on two counts of deliver of methamphetamine causes his case to be significantly dissimilar from the facts in the Grover Henderson case.

An Arkansas state jury sentenced Grover Henderson to life imprisonment, see Ark.Code Ann. § 5-4-103(a), for the first offense of which he has ever been convicted, the delivery of .238

grams of cocaine base. See Ark.Code Ann. § 5-64-401(a)(1)(I). He appealed, contending that his sentence was cruel and unusual punishment under the eighth amendment to the Constitution. The Arkansas Supreme Court affirmed his conviction in a four-to-three decision. See Henderson v. Arkansas, 322 Ark. 402, 411-12, 910 S.W.2d 656, 660-61 (1995). Mr. Henderson then petitioned for federal habeas corpus relief under 28 U.S.C. § 2254 raising the eighth amendment issue. The district court denied Mr. Henderson's petition but granted him a certificate of appealability. We reverse and remand with directions to enter an order granting the writ.  *Henderson v. Norris*, 258 F.3d 706, 707 (C.A.8 (Ark.),2001) The Petitioner's case and the Henderson case is dissimilar and there is no inference of gross dispropotionality in the Petitioner's sentence of 25 year consecutive sentences.

**D.  Ineffective Assistance of Counsel**

In his final claim the Petitioner contends that his attorney was ineffective because he failed to address that his sentence was unconstitutional and that the trial judge's denial of a probation instruction was an abuse of discretion and proper mitigation evidence.  These issues were raised in the Petitioner's Rule 37 Petition and decided aversely by the trial court by order (Doc. 7-5) entered January 16, 2009.   The Petitioner had thirty days from the entry of the circuit court's order to appeal. (A. R. App. P.-Cr., Rule 2(a)  The Petitioner did not appeal the ruling of the trial court the time for appealing the trial court's order expired February 16, 2009. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). *Abdullah v. Groose*  75 F.3d 408, *411 (C.A.8 (Mo.),1996)

There has been no assertion of cause for the default and no actual prejudice shown.

### III.  Conclusion

Based on the above, I recommend that the instant petition be dismissed with prejudice for the reasons stated.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 22nd day of April 2009.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE