```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

**MICHAEL BENJAMIN**                                                    PLAINTIFF

          v.             Civil No. 09-5019

**LARRY NORRIS, Director,**
**Arkansas Department of Correction**                                   DEFENDANT

### O R D E R

Now on this 15th day of July, 2009, comes on for consideration the **Magistrate Judge's Report And Recommendation** (document #11) ("R&R"), and plaintiff's **Motion For Leave To Amend 28 U.S.C. § 2254 Habeas Corpus Petition** (document #16) ("Objections"), which has been treated as objections to the R&R, and the Court, being well and sufficient advised, finds and orders as follows:

    1.   Plaintiff Michael Benjamin ("Benjamin) was convicted in the Circuit Court of Washington County, Arkansas, on two counts of delivery of a controlled substance. He was sentenced to two consecutive twenty-five year terms in the Arkansas Department of Corrections.

    2.   Following an appeal and an Arkansas Rule 37 proceeding, Benjamin filed the habeas corpus petition now under consideration. He raised multiple issues, which the Court will not summarize as he challenges only one aspect of the R&R. Benjamin claims that he was convicted of crimes with which he was never charged. He cites

**Clayborn v. State, 278 Ark. 533, 647 S.W.2d 433 (1983)**[1], for the proposition that a defendant cannot be charged with one crime and then convicted of another, because to do so "would be a sheer denial of due process," citing **Thornhill v. State of Alabama, 310 U.S. 88, 96 (1940).** This argument was described in the petition as "lack of jurisdiction," and presented in the following terms:

> I was arrest [sic] in Fayetteville for aggravate [sic] assault which was a false arrest. Hoever I was brough [sic] to trial on delivery of Meth. Which was a lack of jurisdiction because I was never arrest [sic] on delivery of Meth.

3. The Magistrate Judge reported that plaintiff raised this "jurisdictional issue" for the first time in a Rule 37 motion in state court. Plaintiff contended he was not properly charged; the Circuit Court of Washington County found this claim to be without merit; and plaintiff failed to appeal the decision. The Magistrate Judge pointed out that a habeas petitioner convicted under state law must exhaust available state court remedies before seeking federal habeas relief, **Carney v. Fabian, 487 F.3d 1094 (8th Cir. 2007),** and that plaintiff's failure to appeal the denial of his Rule 37 motion amounted to a failure to exhaust state court remedies.

4. The Magistrate Judge further reported that procedurally defaulted claims are "barred unless the prisoner can demonstrate

---

[1] Clayborn was overruled Cokeley v. State, 288 Ark. 349, 705 S.W.2d 425 (1986), but the overruling did not, in the Court's view undermine the strength of the legal principle for which plaintiff cites it.

cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  **Coleman v. Thompson**, 501 U.S. 722, 750 (1991).

Plaintiff offers no excuse for his failure to appeal the Rule 37 decision, nor does he attempt to demonstrate that failure to consider his lack of jurisdiction claim will result in a fundamental miscarriage of justice.  Nor could he do so, in the Court's view.  Although the charging document is not in the record in this case, the docket sheet reflects the filing of an "amended felony information," and reflects that plaintiff was charged with the following: two counts of delivery of a controlled substance in violation of **A.C.A. § 5-64-401**; one count of possession of a controlled substance in violation of **A.C.A. § 6-64-401**; simultaneous possession of drugs and firearms, in violation of **A.C.A. § 5-74-106**; possession of a controlled substance with intent to deliver in violation of **A.C.A. § 5-64-101**; and habitual offender in violation of **A.C.A. § 5-4-501**.

While it is not clear which of these charges was levied in the amended felony information and which in the information which had to have preceded it, there is no question in the Court's mind that plaintiff was charged with all of the listed offenses by an appropriate charging document.  The Arkansas Constitution specifically authorizes prosecution of criminal charges by

information.  **Amendment 21, § 1.**  The Court concludes, from the foregoing, that plaintiff cannot demonstrate that failure to consider his claim of failure to charge will result in a fundamental miscarriage of justice.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** (document #11) is **adopted** *in toto*, and plaintiff's **Motion For Leave To Amend 28 U.S.C. § 2254 Habeas Corpus Petition** (document #16) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's habeas corpus petition is **dismissed with prejudice.**

**IT IS SO ORDERED.**

                                             /s/ Jimm Larry Hendren
                                             **JIMM LARRY HENDREN**
                                             **UNITED STATES DISTRICT JUDGE**